UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELANIE FREY,

                Plaintiff,                                        Hon. Robert J. Jonker

v.                                                     Case No. 1:23-cv-1291

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

_____/

## REPORT AND RECOMMENDATION

       This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that, if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.   Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 43 years of age on her alleged disability onset date.  (PageID.62).
She successfully completed high school and worked previously as a medical records
clerk and retail store manager.  (PageID.62).  Plaintiff applied for benefits on
November 6, 2019, alleging that she had been disabled since July 19, 2018, due to
right foot and ankle pain, "flat foot pain," right foot arthritis, plantar fascial
fibromatosis, posterior tibial tendinitis in her right leg, and bone spurs.  (PageID.55,
57. 286).

Plaintiff's application was denied, after which time she requested a hearing
before an Administrative Law Judge (ALJ).  Following an administrative hearing,
ALJ Dennis Raterink, in an opinion dated October 5, 2022, determined that Plaintiff
did not qualify for disability benefits.  (PageID.55-109).  The Appeals Council
declined to review the ALJ's determination, rendering it the Commissioner's final
decision in the matter.  Plaintiff subsequently initiated this action pursuant to 42
U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for
evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).  If the
Commissioner can make a dispositive finding at any point in the review, no further
finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also
provide that if a claimant suffers from a non-exertional impairment as well as an

exertional impairment, both are considered in determining her residual functional capacity.    *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.    *See* 42 U.S.C. § 423(d)(2)(A).    While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined.    *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from (1) osteoarthritis, status-post fusion, bilateral feet; (2) carpal tunnel syndrome (CTS), status-post bilateral surgeries; and (3) obesity, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.    (PageID.57-58).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform sedentary work subject to the following limitations: (1) she must use an assistive device for balance and ambulation; (2) she can occasionally push/pull with her lower extremities; (3) she can occasionally operate

-4-

foot controls, bilaterally; (4) she cannot climb ladders, ropes, scaffolds, or stairs; (5) she can occasionally crouch, stoop, kneel, crawl, and balance; (6) she cannot work at unprotected heights; (7) she cannot work with moving mechanical parts or operate motor vehicles; and (8) she can occasionally work in wetness.   (PageID.58).

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, his limitations notwithstanding.   *O'Neal*, 799 Fed. Appx. at 316.   In satisfying this burden, the ALJ may rely on a vocational expert's testimony.   *Ibid*.

In this case, a vocational expert testified that there existed approximately 165,000 jobs in the national economy which an individual with Plaintiff's RFC could perform.   (PageID.63).   This represents a significant number of jobs.   *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").   Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I.     Medical Source Opinion

In her first statement of error, Plaintiff argues that "the ALJ violated 20 C.F.R. § 404.1520c during the evaluation of the evidence because he failed to properly consider the mandatory factors of supportability and consistency."   (ECF No. 16, PageID.1099).

This regulation provides that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. § 404.1520c(a). Instead, the ALJ is required to articulate his determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id.* § 404.1520c(b)(1). These factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. *Id.* § 404.1520c(1)-(5).

Clearly, the regulation to which Plaintiff cites concerns the assessment by the ALJ of medical opinions expressed by her care providers. Plaintiff has failed, however, to identify any opinion articulated by her care providers that is inconsistent with the ALJ's RFC assessment. Plaintiff concedes as much, stating that, "while [her care providers] did not specifically write RFC-styled restrictions for Plaintiff, their records provided abundant evidence of her ongoing and crippling foot pain." (ECF No. 16, PageID.1101).

There is no dispute, however, that Plaintiff experiences severe limitations caused by her lower extremity impairments. Such is reflected in the ALJ's determination that Plaintiff can only perform a limited range of sedentary work. Plaintiff has identified no opinion by any of her care providers that concludes she is limited to a greater extent than the ALJ recognized. Thus, whether the ALJ properly assessed a non-existent opinion is a red herring.

What Plaintiff is actually arguing is that the ALJ should have weighed the evidence differently and arrived at a different conclusion.   The ALJ is tasked with determining a claimant's RFC.   *See* 20 C.F.R. §§ 404.1546(c), 416.946(c).   While the ALJ may not "play doctor" and substitute his own opinion for that of a medical professional, the ALJ is not required to tailor his RFC assessment to any particular opinion or item of medical evidence.   *See, e.g., Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 157 (6th Cir., Aug. 18, 2009).   Instead, the ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004).

This is precisely what the ALJ did.   The ALJ discussed the evidence in detail and articulated his rationale for the weight he afforded such.   The ALJ's RFC assessment is supported by substantial evidence.   Plaintiff's argument that the ALJ should have weighed and evaluated the evidence differently is not grounds for relief, however.   Accordingly, this argument is rejected.

## II.    Vocational Expert Testimony

When asked whether there existed jobs in the national economy which a person with Plaintiff's RFC could perform, the vocational expert, based on the Dictionary of Occupational Titles (DOT), identified three positions: (1) order clerk (50,000); (2) document preparer (45,000); and (3) final assembler (60,000). (PageID.63, 103-04).   Plaintiff argues that she is entitled to relief because the job of document preparer is "obsolete."   (ECF No. 16, PageID.1102).

The Court need not resolve this question, however, because, even if the Court assumes that the job of document preparer is obsolete, the vocational expert identified an additional 110,000 jobs which Plaintiff could perform consistent with her RFC.   Plaintiff advances no challenge to this aspect of the vocational expert's testimony.   As noted above, 110,000 jobs constitutes a significant number of jobs and satisfies the ALJ's burden.   Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within such time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

<div style="margin-left:40%">Respectfully submitted,</div>

Date: November 19, 2024       /s/ Phillip J. Green
                                               PHILLIP J. GREEN
                                               United States Magistrate Judge