UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELANIE FREY,

  Plaintiff,

v.

               CASE No. 1:23-CV-1291

               HON. ROBERT J. JONKER

COMMISSIONER OF
SOCIAL SECURITY,

  Defendant.
_____/

**<u>ORDER APPROVING AND ADOPTING
REPORT AND RECOMMENDATION</u>**

The Court has reviewed Magistrate Judge Green's Report and Recommendation (ECF No. 19) and Plaintiff's Objection to the Report and Recommendation (ECF No. 21). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections.    After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends affirming the Commissioner's decision.  In her objections, Plaintiff primarily reiterates and expands upon arguments presented in the original brief.  The objections fail to deal in a meaningful way with the Magistrate Judge's analysis.  The Magistrate Judge carefully and thoroughly considered the record, the parties' arguments, and the governing law.  The Magistrate Judge properly analyzed Plaintiff's claims.  Plaintiff does not address the Magistrate Judge's recommendation in any meaningful way.  Her objections merely assert that the Magistrate Judge got it wrong when he determined the ALJ's decision was supported by substantial evidence.[1]  In this, Plaintiff's objections simply regurgitate the underlying arguments presented to the Magistrate Judge that the ALJ improperly crafted an RFC that was not supported by a medical opinion and relied on an obsolete job to determine there was a substantial number of jobs that Plaintiff could perform.

The Magistrate Judge correctly rejected these arguments.  As the Magistrate Judge explained, an ALJ is not required to align his or her RFC assessment a particular opinion or medical evidence. "It is the Commissioner's function to resolve conflicts in the medical evidence." *Craft v. Commissioner of Social Security*, 39 Fed. Appx. 274, 276 (6th Cir. 2002). And that is what the

---

[1] Plaintiff's objections begin with an undeveloped argument that the standard of review for Social Security appeals might have changed following the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024).  Other courts have determined that the analytical framework has not changed since *Loper Bright. See Hicks v. Comm'r of Soc. Sec. Admin.,* No. 7:23-CV-70-REW, 2024 WL 3901190, at *2 n.3 (E.D. Ky. Aug. 19, 2024).  And other than citing *Loper* and speculating that the deference due the Commissioner would seem to have been lowered, Plaintiff simply proceeds to raise the same issues as those in her initial brief regarding the persuasiveness of the medical providers' opinions and vocational expert testimony. Plaintiff does not identify any specific error of law in the ALJ's decision that would raise an issue under *Loper Bright*.

ALJ did here. Plaintiff might wish the ALJ had weighed the evidence differently, but that is not a basis for reversing the Commissioner's decision.

Likewise, Plaintiff's Step 5 argument relating to the document preparer position does not require remand. As the Magistrate Judge noted, the Vocational Expert also identified the positions of order clerk and final assembler as positions Plaintiff could perform. The Magistrate Judge determined that these two positions constituted a significant number of jobs sufficient to satisfy the ALJ's burden. Plaintiff does not argue otherwise, and so remand is not warranted. *See O'Neal v. Comm'r of Soc. Sec.,* 799 F. App'x 313, 318 (6th Cir. 2020) (rejecting argument the DOT was categorically an obsolete and unreliable source of job information).

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 19) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED.** A separate Judgment shall issue.

Dated:   December 12, 2024            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE